IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:24-CR-238 (MAD) |
| | ) | |
| **v.** | ) | **Government Sentencing Memorandum** |
| | ) | |
| **KRISTY KOLDIS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## I.   Introduction

The defendant is scheduled for sentencing on October 3, 2024, following her guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement to one count of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). The government agrees with the facts, criminal history score, statutory sentencing parameters, and guidelines calculation in the initial PSR. *See* Dkt. 34.

## II.   Government Sentencing Recommendation

The government respectfully requests that this Court accept the parties agreed-upon disposition and sentence the defendant principally to a term of imprisonment of 180 months and a term of supervised release of at least 10 years. The agreed-upon imprisonment term would represent a relatively modest downward variance from the bottom of the guideline imprisonment range reflected in the PSR (*i.e.*, 210 – 262 months).

Although the defendant's conduct was extremely serious, the downward variance to the agreed-upon term of 180 months is supported here considering all the 18 U.S.C. § 3553(a) factors. For example, (a) the defendant's conduct did not involve any sexual act or sexual contact by the defendant; (b) the child pornography created by the defendant was limited to lewd and lascivious exhibition images; (c) the defendant created a comparatively small amount of material; and (d) although the defendant distributed the child pornography to Joshua White, she

did not appear to intend for it to be distributed more widely. Finally, from the prospective of recidivism risk, the defendant's child abuse behavior appears to be contextual (a product of her dysfunctional relationship with White) rather than a result of a sexual interest in children or child pornography. Assuming she avoids a similar relationship when released, she seems to present a low recidivism risk, particularly when coupled with a term of supervised release of at least 10 years.

The agreed-upon disposition also would result in an imprisonment term meaningfully above the resulting guideline sentence the government is requesting for White, producing a reasonable comparative outcome given the relatively culpability of Koldis for creating and initially distributing the images and White for further distributing the images and engaging in child pornography trading behavior more generally.[1]

                              CARLA B. FREEDMAN
                              United States Attorney

                              */s Michael D. Gadarian*
By:                       _____
                              Michael D. Gadarian
                              Assistant United States Attorney
                              Bar Roll No. 517198

---

[1] The government reserves the right to respond to any defense arguments presented after the filing of this memorandum.