IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Criminal Action No. |
| ) | 1:24-CR-00238 (MAD) |
| ) | |
| KRISTY KOLDIS ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Now comes the Defendant, Kristy Koldis, by and through counsel, James E. Tyner, Esq. and respectfully submits this Memorandum in Aid of Sentencing.

### 1. Procedural History and Facts

On June 3, 2024 the Defendant, Kristy Koldis entered into a guilty plea pursuant to Rule 11(c)(1)(C) whereby Ms. Koldis plead guilty to one count of Sexual Exploitation of a Child in violation of 18 U.S.C. §2251(a).

### 2. Pre Sentence Investigation Report

The Defendant agrees with Probation's criminal history calculations, statutory sentencing parameters and guidelines calculation contained in the Presentence Investigation Report.

### 3. Analytical Framework

As the Court is undoubtedly aware, the Guidelines are no longer mandatory and are deemed to be advisory. The Supreme Court has explained that, as a necessary corollary to the constitutional proscription on treating the Guidelines as mandatory, sentencing courts "may not presume that the Guidelines range is reasonable." *Gall v. United States,* 128 S.Ct. at 596-97; *see* Rita v. United States, 127 S.Ct. at 2465 (noting that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply").

Here, Ms. Koldis respectfully asks the Court to deviate from a Guideline sentence, impose the parties agreed upon disposition, and sentence her to a term of imprisonment of 180 months, to be followed by an appropriate period of supervised release.

**4.       Offense Characteristics**

Initially, it must be stated that Ms. Koldis is acutely aware of the nature, severity and gravity of the crime of conviction. Regardless of the motivation, exculpatory or explanatory factors involved, no one can escape the conclusion that Ms. Koldis was convicted of a serious criminal offense. The conviction before this Court will forever shape Ms. Koldis' future, and entire life – none of which is lost on her. Most regrettably, the events resulting in Ms. Koldis' conviction have irreparably broken the most sacrosanct bond she has ever enjoyed – to be a mother. The gravity of her acts and how they have destroyed the trust she once enjoyed with her daughter, and her ability to have a relationship with her daughter will haunt Ms. Koldis each and every day.

**5.       Personal Background**

Prior to her arrest Ms. Koldis was a dedicated mother, educator and role model. She dedicated her life to the education and guidance of inner city youth, and with the exception of the current charge, Ms. Koldis has led an otherwise law-abiding adult-life. She has consistently maintained stable, verifiable employment and successfully pursued a number of academic and professional achievements, all of which are aptly discussed in the Pre-Sentence Investigation Report. Throughout the proceedings Ms. Koldis has had the support of her parents, engaged in spiritual and mental health counselling, and has sought to return to the person she once was, not the person who is admittedly defined by the acts for which she stands convicted.

### 6. **<u>Parsimony Provision</u>**

The importance of the parsimony provision of the 18 U.S.C. §3553 must be stressed. That provision provides that "The court **shall** impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. (Emphasis added). Thus, the defense posits that the Court is statutorily bound **not** to impose a sentence greater than what would be necessary to comply with the relevant sentencing provisions discussed below. Indeed, in *United States v. Castillo,* 460 F.3d 337, 354 (2d Cir.2006) the court reasoned that the parsimony provision of 18 U.S.C. §3553 required the court to impose a sentence "sufficient, but not greater than necessary" to comply with the objectives of sentencing as enumerated in 18 U.S.C. §3553. See also, *United States v. Ministro-Tapia* 470 F.3d 137 (2nd Cir.2006.)

The Honorable Jack Weinstein of the United States District Court for the Eastern District of New York wrote: "A key provision [of sentencing] embodies the concept of "parsimony," a principle of the American Bar Association Standards for Criminal Justice. *See* American Bar Association, Standards For Criminal Justice, Chapter 18, "Sentencing Alternatives and Procedures", 18- 3.2(iii) ("Parsimony in the use of punishment is favored. The sentence imposed should therefore be the least severe sanction necessary to achieve the purposes for which it is imposed ...") (1993). "The Court will not interpret a federal criminal statute so as to increase the penalty ... when such an interpretation can be based on no more than a guess as to what Congress intended." *United States v. Abbadessa*, 848 F.Supp.369, 378 (E.D.N.Y.1994). *See, also United States v. Granderson,* 511 U.S. 39,114 S.Ct. 1259, 127 L.Ed.2d 611 (1994). We posit that 3553(a) adopts a principal of "leniency" whereby a sentence should be sufficient but not greater than necessary to comply with the purposes set forth in paragraph 2 of the same subsection. Those purposes are (1) just punishment or retribution and promotion of respect for the law,

3

which the *Chaney* court called community condemnation or reaffirmation of community norms; (2) adequate deterrence from criminal conduct, presumably both special deterrence aimed at the sentenced prisoner himself and general deterrence aimed at those in the class of potential violators of the same statute; (3) protection of the public, which could be redundant of deterrence but in context probably means by isolation, which in other discussions is called incapacitation; and (4) rehabilitation." *U.S. v. Sart*, 29 F.Supp.2d 592 (D.Alaska,1998), *reversed on other grounds.*; *See also, U.S. v. Phelps*, 366 F.Supp.2d 580, (E.D.TN 2005.)

Indeed in child pornography cases, many courts have found that the strict adherence to the Guideline calculation is simply at odds with the parsimony provision. S*ee, e.g. United States v. Beiermann*, 599 F. Supp. 2d 1087 (N.D. IA 2009); *United States v. Dorvee,* supra.

Respectfully, it is suggested that the parsimony provision of 18 U.S.C. § 3553 requires that the Court impose the minimum sentence possible under the circumstances taking into account all of the following factors, and that further, the agreed upon disposition is a fair and just result.

Admittedly, the seriousness of the Defendant's conduct is indisputable. However, considering all the 18 U.S.C. § 3553(a) factors, a downward variance to the agreed upon term of 180 months imprisonment is warranted.

While the PSIR details Ms. Koldis' conduct that results in this conviction, a number of mitigating factors support the agreed upon sentence. A non-exhaustive list of such factors include:

  (A) Ms. Koldis did not involve any sexual acts, or sexual conduct;
  (B) While Ms. Koldis did produce child pornography, such pornography was limited to lewd and lascivious images;
  (C) Ms. Koldis created a relatively small amount of such material; and,
  (D) Ms. Koldis' distribution of such material to her paramour / co-defendant Joshua White was done at his request, and *never* did Ms. Koldis believe the images would be further distributed.

To that end, while the PSIR details numerous actions engaged in by Mr. White, such actions were unknown to Ms. Koldis, without her expectation, and without her consent. As aptly stated in the Government's Sentencing Memorandum, "the defendant's child abuse behavior appears to be contextual (a product of her dysfunctional relationship with White) rather than a result of a sexual interest in children or child pornography." See Government Sentencing Memorandum, page 2.

In sum, Ms. Koldis holds herself accountable for the actions she engaged in. She accepts guilt for her actions, and respectfully requests the Court impose the agreed upon disposition of 180 months incarceration and an appropriate period of supervised release.

Dated: September 12, 2024

                                      Respectfully submitted,

                                      /s/   James E. Tyner
                                      James E. Tyner, Esq.
                                      *Attorney for Kristy Koldis*
                                      19 British American Boulevard
                                      Latham, New York 12110
                                      Bar Roll No.:  513563